IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHNNY D. TAYLOR,

            Case No. 3:10-cv-00105-AC

    Petitioner,

  v.

JEAN HILL,

           FINDINGS AND RECOMMENDATION

    Respondent.

  Thomas J. Hester, Assistant Federal Public Defender
  101 S.W. Main Street, Suite 1700
  Portland, Oregon 97204

    Attorney for Petitioner

  Ellen F. Rosenblum, Attorney General
  Andrew D. Hallman, Assistant Attorney General
  Department of Justice
  1162 Court Street NE
  Salem, Oregon 97310

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court convictions for Assault and Sexual Abuse. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#20) should be denied.

## BACKGROUND

Petitioner was charged in the Lane County Circuit Court with Reckless Endangerment, Second Degree Criminal Mischief, four counts of Assault in the Fourth Degree, and two counts of Sodomy in the First Degree for crimes committed against his girlfriend, Kelly Zachery. Respondent's Exhibit 103. Petitioner rejected a pretrial plea offer of 48 months and proceeded to a jury trial. As trial counsel explained in the affidavit the State introduced during petitioner's state post-conviction action, the following transpired:

> Three days into this trial, after hearing the testimony of the victim (who fainted on the stand before I had a chance to cross-examine her), after hearing the testimony of the victim's son, and after watching the jurors' responses, which included both the women and men audibly crying, I felt that when an offer was made in response to my suggestions – an offer which took petitioner's potential sentence outside of Measure 11 and allowed him access to programs while he was in prison – he should consider that offer. I strongly advocated for petitioner's acceptance of the offer to settle the case. I believed in the offer.

Respondent's Exhibit 126, p. 2.

The plea offer petitioner accepted required him to plead guilty to one count of Assault in the Fourth Degree and enter *Alford* pleas to a second count of Assault in the Fourth Degree and one count of Sexual Abuse in the Second Degree. Respondent's Exhibit 104. When petitioner appeared for sentencing, he attempted to withdraw his plea, but the trial judge refused to allow it and, as part

2 - FINDINGS AND RECOMMENDATION

of the plea agreement, imposed stipulated sentences totaling 100 months in prison.  Respondent's

Exhibit 104.

Petitioner filed for post-conviction relief ("PCR") in Malheur County where the Circuit Court

denied relief on all of his claims.  Respondent's Exhibits 132 & 133.  The Oregon Court of Appeals

affirmed the lower court without opinion, and the Oregon Supreme Court denied review.  *Taylor v.*

*Hill*, 228 Or. App. 367, 208 P.3d 1057 (2009); *rev. denied*, 347 Or. 44, 217 P.3d 690 (2009).

Petitioner filed his Amended Petition for Writ of Habeas Corpus on August 31, 2010 raising

the following claims:

> **A. Ground One:** Mr. Taylor was denied his Sixth Amendment Right
> to Counsel (incorporated under the 14th Amendment), when the trial
> judge failed to conduct a hearing or provide substitute counsel for Mr.
> Taylor despite an apparent conflict of interest.

> **Supporting Facts:** During the course of trial, counsel considered the
> prosecution's witnesses to have had a devastating and persuasive
> impact on the jury and he retreated from presenting the aggressive
> defense agreed upon with Mr. Taylor. Instead he prevailed upon Mr.
> Taylor to accept a plea agreement that was markedly worse than the
> pretrial offer and not appreciably better than the likely sentence after
> a verdict convicting him of all counts (assuming effective advocacy).

> At the sentencing, counsel orally moved to withdraw Mr. Taylor's
> plea nominally supporting the motion but then affirmatively
> indicating that his client's claims, as to the factual matters supporting
> the plea withdrawal, were untrue. The trial court caused Mr. Taylor
> to proceed to sentencing with that lawyer who had represented to the
> sentencing judge that his client was a liar, despite the obvious conflict
> of interest presented.

> **B. Ground Two:** Mr. Taylor was denied his Sixth Amendment Right
> to the Effective Assistance of Counsel (incorporated under the 14th
> Amendment), when counsel failed to:

3 - FINDINGS AND RECOMMENDATION

(a) adequately litigate the admissibility of the putative victim's prior false allegations of sexual abuse against another man (including, but not limited to counsel's failure to file an appropriate motion under evidence rule 412);

(b) move in limine to exclude evidence of Mr. Taylor's purported prior bad acts (including, but not limited to counsel's failure to file an appropriate motion under evidence rule 404(b));

(c) affirmatively move for disclosure of exculpatory evidence pursuant to *Brady v. Maryland*;

(d) adequately cross-examine and impeach the State's trial witnesses, in particular, the putative victim;

(e) adequately investigate and prepare to present the defense developed through the investigation conducted (as to the latter, by insuring that defense witnesses were under subpoena and available to testify);

(f) adequately advocate for Mr. Taylor at sentencing (including, but not limited to counsel's failure to object to elements of the sentence that were illegal under Oregon law).

**Supporting Facts:** Are detailed in the Exhibits filed by the State and incorporated by this reference. Under the revised scheduling Order, Petitioner will file the first substantive pleading in this case, which will present those facts in a more succinct manner and may include presentation of additional facts developed in the course of undersigned counsel's investigation.

**C. Ground Three:** Mr. Taylor was denied his Sixth Amendment Right to the Effective Assistance of Counsel (incorporated under the 14th Amendment), when counsel permitted, indeed advocated for, acceptance of a plea that was coerced, and not knowingly and voluntarily entered, and was denied his Sixth Amendment right to jury trial and Due Process under the Fourteenth Amendment when the Court accepted, and later sentencing Mr. Taylor, pursuant to coerced plea:

**Supporting Facts:** Are detailed in the Exhibits filed by the State and incorporated by this reference. Under the revised scheduling Order, Petitioner will file the first substantive pleading in this case, which

> will present those facts in a more succinct manner and may include
> presentation of additional facts developed in the course of
> undersigned counsel's investigation.

Amended Petition (#20), pp. 2-4.

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner fails to argue the claims he raises in Grounds One and Two;[1] (2) all of petitioner's claims are procedurally defaulted except his claim of ineffective assistance of counsel contained within Ground Three; and (3) petitioner's only fairly presented claim of ineffective assistance of counsel was properly denied by the PCR trial court in a decision that was neither contrary to, nor an unreasonable application of, United States Supreme Court precedent.

## DISCUSSION

### I. Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery,* 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually

---

[1] Because Grounds One and Two are procedurally defaulted, the court need not separately address the fact that they are also unargued.

5 - FINDINGS AND RECOMMENDATION

considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Respondent argues that all of petitioner's claims in Grounds One and Two, and his due process and jury trial claims within Ground three, are procedurally defaulted. A review of the underlying record reveals that petitioner raised nine claims in his Amended PCR Petition, all of which alleged ineffective assistance of counsel. Respondent's Exhibit 109. The only claim petitioner pursued on direct appeal was whether he was entitled to a new trial where he suffered from ineffective assistance of counsel when his trial attorney coerced him his pleas which were not knowing, voluntary, and intelligent. Respondent's Exhibit 134. Petitioner presented this same claim to the Oregon Supreme Court in his Petitioner for Review filed by his appointed attorney. Respondent's Exhibit 136.

While petitioner attempted to raise additional claims to the Oregon Supreme Court through his Supplemental *Pro Se* Petition for Review, he failed to present any of these *pro se* claims to the Oregon Court of Appeals. As a result, they were not properly before the Oregon Supreme Court for its consideration. *See* ORAP 9.20(2) (questions before the Oregon Supreme Court include only

6 - FINDINGS AND RECOMMENDATION

questions properly before the Court of Appeals which the petition for review claims were erroneously decided by that court). Accordingly, petitioner's only preserved claim is that trial counsel was ineffective when he coerced petitioner into entering a plea that was not knowing, voluntary, and intelligent.

Under the broad umbrella of coercion, petitioner attempts to argue additional claims pertaining to trial counsel's competency. It is not appropriate to do so because these competency issues constitute discrete claims which petitioner failed to fairly present to the Oregon state courts for review. Because the time for presenting these claims, as well as the remaining claims in the Amended Petition for Writ of Habeas Corpus, to Oregon's state courts passed long ago, they are procedurally defaulted. And, as petitioner does not argue cause and prejudice, and does not attempt to make a colorable showing of actual innocence to excuse his default, his procedural default of these claims is not saved for review by this court.

## II.    The Merits

### A.    Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

### B.    Analysis

Petitioner alleges that after Zachery repeatedly left the witness stand during direct examination in response to anxiety attacks, defense counsel was unwilling to cross-examine her and, instead, obtained another plea offer from the prosecution. Counsel strongly urged petitioner to accept the new plea deal, an offer which required him to serve more than twice the prison time than the pretrial offer would have required had he accepted it. Petitioner alleges that counsel's actions amount to ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties

8 - FINDINGS AND RECOMMENDATION

in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Such an inquiry frequently requires a court to consider whether the plea was knowing, voluntary, and intelligent as due process requires. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

The PCR trial court denied relief on petitioner's claim as follows:

> I think at the time the plea was entered it was a knowing and voluntary plea, and I make that legal finding. The evidence against you was very strong, and obviously the jury was taking this case very seriously, and I believe what your attorney notes as to the weight of this case the jurors were taking this case, and of course, the situation with the complaining witness on the stand who had to [deal] with EMT's afterwards. So this case was not going well for you. You stood a huge chance of consecutive sentences here. I find the plea negotiation was a very favorable negotiation for you. The court told you absolutely clearly that once this plea was entered it was not going to be withdrawn, and that's exactly what the court did. It's exactly what it warned you would happen, that if you entered this plea, this was the end of this case. And you just couldn't have been much

> clearer based on the language that the court used. This case was just
> not a good case to try. I think you did a very smart thing and took this
> plea offer, got yourself out of Measure 11, and got yourself a lower
> number than you would have gotten if the case – as the case was
> progressing for trial. But I think that's all your attorney could do for
> you based on the facts that [he] had to work with. So I deny the
> motion for post-conviction relief. I think your lawyer did whatever
> was possible.

Respondent's Exhibit 132, pp. 11-12.

According to petitioner, his attorney did not wish to cross-examine Zachery in the aftermath of her anxiety attacks, thus demonstrating counsel's refusal to zealously represent him. He emphasizes that counsel's PCR affidavit does not contradict this assertion, thus it is evident that counsel's improper actions forced him to enter an unfavorable plea offer that he did not wish to accept.

The court does not view counsel's actions as demonstrating a refusal to zealously represent his client. To the contrary, it appears counsel was attempting to focus his client's attention on the reality of his dire situation:

> Petitioner was charged with sodomizing and assaulting his girlfriend,
> who was the mother of their child. We did a lot of investigation and
> we were fully prepared for trial. However, when the child testified,
> and the men on the jury began crying, I realized that a jury trial was
> not the solution. I was able to persuade the district attorney to
> improve his offer. Petitioner could have received 48 months, if the
> case had not gone to trial. After the trial started, I was able to obtain
> 100 months of non-Measure 11 time on behalf of petitioner, and I
> strongly encouraged him to take it because he could have received
> much more time if he was convicted of any of the big charges, which
> was quite likely. I spoke to him in the presence of a deputy officer,
> and strongly urged him to take the deal.

Respondent's Exhibit 126, pp. 3-4.

10 - FINDINGS AND RECOMMENDATION

Assuming there is a legitimate question of fact as to whether counsel flatly refused to conduct any cross-examination of the victim on petitioner's behalf, the PCR trial court made an implicit finding that petitioner was not credible on this point. The PCR trial court's decision cannot be read any other way. The PCR trial court's credibility determination is owed a great deal of deference by this court, and petitioner has not introduced clear and convincing evidence to overcome that determination as required by 28 U.S.C. § 2254(e)(1).

Counsel was not in a position to accurately anticipate the dramatic impact of the trial testimony upon the jurors until it actually occurred.  When counsel saw that petitioner's trial was going very badly, rather than subject him to a high probability of consecutive mandatory minimum sentences under Measure 11, counsel made a reasonable strategic decision to secure a mid-trial plea offer for his client and to strongly advocate for its acceptance.

Furthermore, when petitioner elected to enter his pleas, the trial judge engaged in a clear colloquy with him wherein petitioner expressed that he wished to give up his right to a jury trial, and that he understood that if he entered his pleas he would not be allowed to take them back. Respondent's Exhibit 107, pp. 4-8. Petitioner also signed a Plea Petition indicating that he was freely entering his pleas and that he was satisfied with the representation of his attorney. Respondent's Exhibit 104. At no time did petitioner ever inform anyone that his attorney's refusal to zealously represent him was the motivating factor behind his decision to enter his pleas.

It is clear from the transcript of the change of plea hearing as well as the contents of the Plea Petition that petitioner knowingly, voluntarily, and intelligently entered his plea. It is also evident that counsel made a reasonable tactical choice to seek a mid-trial plea offer from the State to protect his client from the likelihood of a much harsher sentence. As a result, the court should conclude that counsel's performance did not fall below an objective standard of reasonableness.

11 - FINDINGS AND RECOMMENDATION

Even assuming counsel's performance fell below an objective standard of reasonableness, petitioner has not shown that it would have been beneficial to reject the mid-trial plea offer and proceed with a trial he was clearly losing. Consequently, petitioner cannot prove that he was prejudiced by any error counsel may have committed. For all of these reasons, the PCR trial court's decision that petitioner was not the victim of ineffective assistance of counsel is neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#20) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 28th day of November, 2012.

John V. Acosta
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION